# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAMES FABIAN,**<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>**COLIN LEMAHIEU, ET. AL.,**<br><br>　　　　Defendants. | CASE NO. 4:19-cv-00054-YGR<br><br>**ORDER: (1) *SUA SPONTE* RELATING *CLEMENS* ACTION; (2) DENYING MOTION TO CONSOLIDATE; AND (3) DISMISSING WITHOUT PREJUDICE *CLEMENS* ACTION**<br><br>Re: Dkt. Nos. 143 |

Pending before this court is plaintiff James Fabian's motion to consolidate cases, namely *Craig Clemens, et al v. Nano, et al,* 4:20-cv-05351 KAW ("*Clemens* action") to the instant action. (Dkt. No. 143.) Defendants Hieusys, LLC, Colin LeMahieu, Troy Retzer, Mica Busch, and Zack Shapiro (the "Nano Defendants") oppose the motion. (Dkt. No. 147.) For the reasons set forth herein, the Court: (1) *sua sponte* relates the *Clemens* action to the instant action; (2) **DENIES** the motion to consolidate; and (3) **DISMISSES WITHOUT PREJUDICE** the *Clemens* action.

First, Fabian's counsel failed to comply Local Rule 3-12 with respect to relating cases, hence, the need for the Court to issue a *sua sponte* order relating the cases. *See generally* N.D. Cal. L.R. 3-12.

Second, the attempt to file a "new" action, then relate and consolidate it appears, on its face, procedurally improper. Given the nature of the allegations, the proper motion was for leave to amend under Rule 15, and the analysis of the same should be considered in that context.

Fabian's asserted reliance on the Appointment Order does not persuade. That Order reads:

> 8. When a case that arises out of the subject matter of this Action is hereinafter filed in this Court or transferred from another Court, the Clerk of this Court shall:
> 　a. file a copy of this Order in the separate file for such action;
> 　b. deliver a copy of this Order **to the attorneys for the plaintiff(s) in the newly filed or transferred case** and to any new defendant(s) in the newly filed or transferred case; and
> 　c. make the appropriate entry on the docket for this Action.

1  (Dkt. 38, ¶ 8; emphasis supplied.)  That provision relates to cases brought by other lawyers, not
2  the ones litigating the instant case.  Fabian cannot use that provision as an end-run around Rule 15
3  and the scheduling order that this Court issued.

4  Third, in light of this apparent end-run around Rule 15 and the Court's prior orders with
5  the filing of the duplicative *Clemens* action, the Court agrees with the Nano Defendants that
6  dismissal is appropriate.  *See Ellison v. Autozone Inc.*, No. 06-CV-7522, 2007 WL 1795699, at *1
7  (June 20, 2007) (citing *Oliney v. Gardner*, 771 F.2d 856, 859 (5th Cir.1985)); *Barapind v. Reno*,
8  72 F. Supp. 2d 1133, 1145 (E.D. Cal. 1999) ("A litigant has no right to maintain a second action
9  duplicative of another." (citing *The Haytian Republic*, 154 U.S. 118, 124 (1894)).  *See also*
10 *Ellison*, 2007 WL 1795699, at *1 ("The filing of a successive, identical class action qualifies as
11 abusive regardless of whether class certification was granted or denied in an earlier case; both
12 scenarios entail unnecessary duplication." (quoting *In re Cypress Semiconductor Litig.*, 864 F.
13 Supp. 957, 959 (N.D. Cal.1994))); *id.*, at *1-3 (treating successive class action complaint with
14 different plaintiff as duplicative.).

15 Accordingly, for the foregoing reasons, the Court **HEREBY ORDERS** as follows:
16 - The Court *sua sponte* relates the *Clemens* action to the instant action;
17 - The motion to consolidate is **DENIED**; and
18 - The *Clemens* action is **DISMISSED WITHOUT PREJUDICE**.
19 This Order Terminates Docket 143.
20 **IT IS SO ORDERED.**
21 Dated: September 2, 2020

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**